# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| Bennie Kennedy, | ) | Breach of Contract, |
| | ) | Fraud, |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| Vs. | ) **Case No.** | |
| | ) | |
| | ) | |
| Prairie State College**,** | ) | |
| Individually and Collectively, | ) | |
| | ) | Misprision of Felony, |
| Prairie State College | ) | RICO/Relator |
| Board of Directors, | ) | |
| Individually and Collectively, | ) | |
| | ) | |
| Marie Hansel, | ) | |
| Individually and Collectively, | ) | |
| | ) | |
| Patty Valenziano, | ) | |
| Individually and Collectively, | ) | |
| | ) | |
| DOES 1-30, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>COMPLAINT</u>

Bennie Kennedy, Plaintiff, by John H. Davis - Attorney for Plaintiff, (Indiana #4812-45), John H. Davis and Associates, 5201 Broadway Suites #203 and #205, Merrillville, Indiana 46410, (219) 884-2461; Mailing Address:  John H. Davis - Attorney at Law, P.O. Box 43, Crown Point, Indiana 46308-0043.

Plaintiff, Bennie Kennedy, through his undersigned counsel for the complaint against Defendants, Prairie State College, individually and collectively, Prairie State College Board of Directors, individually and collectively, Marie Hansel, individually and collectively, Patty Valenziano, individually and collectively, and DOES 1-30 (DOES to be determined via discovery and/or litigation of this matter which will then be captioned as 'individually and collectively').

# <u>PARTIES</u>

**1.      Plaintiff(s):**


Plaintiff, Bennie Kennedy, ("**PI**"), at all times relevant hereto is, and was, employed in the state of Indiana for Schneider Electric f/k/a Square D Company ("**Schneider**") in their ("**Schneider**") Crown Point, Indiana office.


**2.      Defendant(s):**


2(a).   Prairie State College, ("**Prairie State**"), at all times relevant hereto was a
        regionally accredited college in the state of Illinois;


2(b).   Prairie State College Board of Directors, ("**Board**"), at all times relevant hereto
        was the board of directors of the above stated Prairie State College in the state
        of Illinois;


2(c).   Marie Hansel, ("**Hansel**"), at all times relevant hereto was employed by the
        above stated Prairie State College, Prairie State Board of Directors in the
        capacity of Academic Dean/Faculty (July/2010), subsequently promoted to
        Interim Vice President of Academic Affairs and Dean of Faculty (July/2013) of
        said college in the state of Illinois;

2(d).   Patty Valenziano, ("**Valenziano**"), at all times relevant hereto was employed by the above stated Prairie State College, Prairie State Board of Directors in the capacity of Associate Dean (of) Faculty Affairs at Prairie State College in the state of Illinois;


2(e).   DOES 1-30, to be determined as stated above, some of whom, it is believed, were employed by the above stated Prairie State College/Prairie State College Board of Directors.

# <u>PRELIMINARY STATEMENT</u>

**3.**

3(a).   Bennie Kennedy, ("**Pl**"), was employed by "Prairie State" in a part-time capacity as an adjunct faculty instructor of **accredited** courses as well as **non-accredited** courses beginning the year 2004 to the year 2010 teaching the following courses: General Safety (Credited), Electrical Safety(Credited), OSHA 10 Hours-ARC Flash (Credited) & (Non-Credited), Industrial Electrical Maintenance (Credited), Confined Space Training (Non-Credited), Basic Electricity (Credited).

3(b).   Bennie Kennedy ("Pl") learned *unofficially* – without termination procedures required by AIU (Adjunct Instructors Union) policy, that he ("Pl") had been terminated as instructor/faculty from both **accredited** and **non-accredited** classes at "Prairie State" on or about December 2010. **(See Copy of Prairie State College's Adjunct Instructors Union (AIU) Policy marked as EXHIBIT 1 attached and made apart hereto).**

3(c).   Bennie Kennedy, "Pl", subsequent to learning that he ("Pl") had been terminated from teaching both accredited and non-accredited classes, that the decision to terminate him ("Pl") had been made two (2) weeks prior to his ("Pl's") learning of his ("Pl's") termination.  **(See Copy of Email Dated 9/21/2010 at 11:30AM To: Georgia Karras and Marie Hansel From: Patty <u>Valenziano@prairiestate.edu</u> marked as EXHIBIT 2 attached and made apart hereto).  (See Copy of Emails - Pages 4 through 8 where Georgia Karras responded 'Here should be all of the necessary credentials...' marked as EXHIBIT 2).**

**EXHIBIT 2** clearly reflects that "Hansel" was concerned about a phone call from Square D company a/k/a Schneider Electric – Bennie Kennedy's ("PI's") employer which precipitated "Hansel's" seeking reasons from other faculty and staff of "Prairie State" to terminate "PI", Bennie Kennedy.  This action was being done, and continued, without the proper procedures under the contract for adjunct instructors.

3(d).   Plaintiff, Bennie Kennedy, upon the initial learning of his ("PI")'s termination of teaching both, accredited and non-accredited classes, began a series of communications via email to several faculty personnel as well as administrative personnel and union personnel to determine the reason for his ("PI's") termination. (**See Copies of Emails marked as EXHIBIT 3A attached and a made apart hereto).  (See Copy of List/Table of Emails Ordered by Dates/Times for Identification marked as EXHIBIT 3B attached and a made apart hereto).**

3(e).   Plaintiff, upon review of the union criteria, determined that the provisions contained in the union contract were **not** followed by Defendant, "Prairie State" and Prairie State "Board" regarding termination of union members/faculty. **(See EXHIBIT 3B Email #16 Dated 01/04/2011).**

3(f).   Plaintiff, approximately one (1) week prior to learning that his ("PI") employment as stated above was terminated, he ("PI") received a request from an individual seeking to take one (1) of his ("PI") classes and this individual said that he (Nic O'Donovan) needed permission from the instructor because the class was already filled.  **(See**

**Affidavit of Plaintiff marked as EXHIBIT 4 attached and made apart hereto). (See Copy of Email from Nic O'Donovan marked as EXHIBIT 5 attached and made apart hereto).**

3(g).   Plaintiff, in response to several of the above mentioned email queries, was informed that there was a concern by administrators of "Prairie State" about a telephone call that had been received from Square D company a/k/a "Schneider" which came from their ("Schneider's") office in the state of Ohio. **(See Copy of Deposition of Gloria Olson of Schneider Electric's Ohio Office, Deposition Page 18 Line #9 – Submitted by Defendant Schneider Electric in their Motion For Summary Judgment  as their EXHIBIT B in CAUSE NO: 2:12-cv-122-PRC marked as Plaintiff's EXHIBIT 6 Page 6 of 13 Pages attached and made apart hereto).**

3(h).   On or about February 27, 2014, the above mentioned Defendant, Marie Hansel ("Hansel") authored a declaration under penalty of perjury that Bennie Kennedy ("Pl") had been terminated and that declaration did not distinguish, or set forth, that Plaintiff's ("Pl")'s termination from teaching included both accredited and non-accredited classes, however, said declaration does infer that the termination was allegedly based on accreditation criteria which would be those accredited classes that plaintiff ("Pl") had been, and was, teaching.  **(See Copy of Declaration of Defendant Marie Hansel  – Submitted by Defendant Schneider Electric in their Motion For Summary Judgment  as their EXHIBIT C in CAUSE NO: 2:12-cv-122-PRC marked as EXHIBIT 7 attached and made apart hereto).**

This ("Hansel's") declaration allegedly setting forth the reasons for "Pl's" termination comes four (4) years after "Pl's" termination and said reasons for termination, to this date, have not been made available or directed to the adjunct instructor's union at "Prairie State" nor has "Pl", to date, been given the proper and contractual procedure for termination.  Several emails represented in **EXHIBIT 2** and also attached as **EXHIBIT 3A & EXHIBIT 3B** clearly reflect that "Pl" was not terminated because of lack of proper credentials.

This complaint was prepared after exhaustive review, research, and investigation regarding "Pl's" termination and qualifications to teach courses – both credited and non-credited, at "Prairie State".  Additionally, "Pl" was found to be properly qualified to teach at "Prairie State" for six (6) years in both credited and non-credited classes prior to said phone call from Square D a/k/a Schneider Electric which referenced concerns about proprietary material being used.  Plaintiff's employer had an exchange regarding Plaintiff's teaching classes outside of Square D or Schneider Electric and voiced no concerns about use of proprietary material outside of teaching/training at a competitor's company. **(See EXHIBIT 3B - Emails Numbered #2, #12, #1, AND #11). (See Affidavit of Plaintiff marked as EXHIBIT 4).**

Gloria Olson's call to "Prairie State" was made under the direction of her (Gloria Olson's) immediate supervisor who appeared to have an animus against "Pl", in that, "Pl's" reputation in the electronics field was growing exponentially which included authoring several articles published in nationally known electronic trade magazines.

This supervisor of Gloria Olson was an executive with Schneider Electric and was aware that Plaintiff had developed a direct ability to speak to the President of

Schneider Electric, therefore, it is the belief of Plaintiff that this executive was determined to cut down the reputation of Plaintiff and therefore was motivated to have a phone call made to "Prairie State".  **(See Affidavit of Plaintiff marked as EXHIBIT 4).**
**(See Copy of Deposition of Gloria Olson of Schneider Electric's Ohio Office, `Deposition` Page 18 Line #9  and `Deposition` Page 19 Line #1 – Submitted by Defendant Schneider Electric in their Motion For Summary Judgment  as their EXHIBIT B in CAUSE NO: 2:12-cv-122-PRC marked as EXHIBIT 6 Pages 6 through 7 of 13 Pages).**

**EXHIBIT 6,** referenced above, sets forth the fact that a phone call was made to "Prairie State" in which said caller spoke directly to then 'interim dean', Marie Hansel ("Hansel") on or about July-August 2010 which is the same timeframe that "Prairie State" asserts in Marie's Hansel's declaration under the penalty of perjury, that she ("Hansel") and "Prairie State" became concerned about the teaching credentials or qualification of Plaintiff.  Notwithstanding that such concern about qualifications had not been raised over the past six (6) years that Plaintiff had been teaching at "Prairie State".  And, again, was not a concern when the regional accreditation commission visited "Prairie State" to do a full re-accreditation.

Deponent, as indicated in **EXHIBIT 6** (Deposition of Gloria Olson), Page 19 Line #1, sets forth that she (Olson) would have no clue as to what was, or could be, considered proprietary material of Schneider Electric - "I'm not a technical expert…".

The above-stated Olson also indicated that she (Olson) spoke with the Interim Dean ("Hansel") on her (Olson's) first phone call to "Prairie State" and asked for a syllabus/curriculum reflecting classes being taught by Plaintiff, Bennie Kennedy and

subsequently contacted "Prairie State" on three additional occasions requesting to speak to the interim dean and was unable to speak with said interim – leaving messages and voicemails over the next two (2) to three (3) weeks.

Interim Dean "Hansel" sets forth that she ("Hansel") was concerned about liability regarding "Prairie State" precipitated by the phone call she ("Hansel") had received from Schneider Electric or Square D, yet she ("Hansel") did not see fit to resolve the question of possible liability for "Prairie State" by sending the requested syllabus/curriculum reflecting classes taught by Plaintiff Bennie Kennedy.

The sworn declaration of "Hansel" is not only, clearly, ludicrous, disingenuous, and a complete deception and fraud on the Court in the case cited above, but it is an injury to the Plaintiff, Bennie Kennedy, in that, Bennie Kennedy has – to this date- been unable to get the procedures required by the adjunct instructors' union (AIU) to resolve the reasons for his ("Pl's") termination.


3(i).    In the course of reviewing these facts by this office (Attorney John H. Davis & Associates), on behalf of Bennie Kennedy ("Pl"), research and examination of emails, documents, and statements compiled in the case of "Schneider" (Summary motion granted) were extensively reviewed which support a conclusion that the termination was not based on lack of proper credentials, in that, Bennie Kennedy ("Pl") was also terminated from teaching non-accredited classes.

This office, in continuing an extensive review of the facts surrounding Plaintiff's termination of teaching classes at "Prairie State", this office (Attorney John H. Davis &

Associates) contacted and reviewed the regional accrediting body which accredited "Prairie State".

It was determined that the regional accrediting body had performed a full accreditation review of "Prairie State" in 2008/2009 and reaffirmed their ("Prairie State's") accreditation which is held to be good for ten years from the point of this full accreditation review. **(See Copy of Accreditation Document marked as EXHIBIT 8 attached and made apart hereto).**


3(j).   Plaintiff was hired by Defendant, "Prairie State" on or about 2004 to teach, both - accredited classes and non-accredited classes, and continued to teach accredited and non-accredited classes through the regional accreditation review which took place in 2008/2009 and continued to teach said classes approximately two (2) years after the full accreditation review.


3(k).   Defendant, "Hansel", in her ("Hansel's") capacity and responsibilities as Dean and later acting Interim Vice President, was not concerned about any faculty personnel not  having proper teaching credentials or qualification (including Bennie Kennedy) in preparation for the visit of the regional accrediting team review.  In her ("Hansel's") capacity, she ("Hansel") had to be aware and prepared to accept the team's (regional accrediting team) coming to "Prairie State" to do their (regional accrediting team) review.  One of the criteria for such a review is reviewing the credentials of faculty teaching accredited classes.

"Hansel's" sworn declaration states that she ("Hansel") received a phone call from Schneider Electric from their ("Schneider's") Ohio office.  That "Hansel" states in her ("Hansel's") sworn declaration that she ("Hansel") received said call in late-July 2010 and then conducted a review of adjunct faculty in August 2010, however, did not appear to feel there was need to conduct such a review of adjunct faculty two (2) years prior to the regional accrediting review nor to do such a review two (2) years after the regional accrediting review.  Marie Hansel ("Hansel") actively participated in exchange of emails regarding a telephone call from "Schneider" as to Bennie Kennedy, ("Pl").  "Hansel" sets forth in one of said emails that she was concerned about the above referenced telephone call.  And, it was also set forth in several emails that Bennie Kennedy's ("Pl's") *"… problem was not with "Prairie State", but with his ("Pl's") employer ("Schneider")."*  These emails reflected Bennie Kennedy's attempt to determine why he ("Pl") was being terminated from "Prairie State".  **(See Copies of Emails and Copy of List/Table of Emails Ordered by Dates/Times for Identification marked as EXHIBIT 3A and EXHIBIT 3B).**

The date of the sworn declaration of "Hansel" (February 27, 2014), comes approximately six (6) months after her ("Hansel's") promotion to **Interim Vice President of Academic Affairs** by "Prairie State" (in July 2013).  Shortly after "Hansel" gave sworn declaration for "Schneider" in 2014, Marie Hansel ("Hansel") was promoted to Vice President of Academic Affairs on or around April 7, 2014.

3(l).    Bennie Kennedy, ("Pl"), developed a considerable reputation as an expert in the field of electronics for over thirty (37) years, and writing numerous articles for a large

and reputable electronics trade magazine.  Also, on numerous occasions ("Pl") was called upon to correct serious electronic problems with machinery at various locations including emergency electronic facilities at hospitals.  Additionally, Plaintiff, ("Pl"), was certified by national boards to teach certification courses for **OSHA (**Occupational Safety and Health Administration). **(See Affidavit of Plaintiff marked as EXHIBIT 4).**

The above background and experience of Plaintiff places him ("Pl") in the category of journeyman in electronics. (Journeyman defined is – a trained worker who is employed by someone else).  Research by this office discovers that there is no such animal that can be labeled as "documented journeyman", however, journeyman can be certified based on query as to an individual's work or background in a specific field – Bennie Kennedy, ("Pl"), filled out an employment application for a teaching position at "Prairie State" upon which "Prairie State" hired him subsequent to verifying his work experience and employment as an electrician which consisted of over thirty (30) years at the point of hire in 2004 – **JOURNEYMAN.**

3(m).  Plaintiff, Bennie Kennedy disclaims any collusiveness in perpetrating a fraud upon the students of classes he, ("Pl"), taught as he ("Pl") believes, and believed, that he ("Pl") had the proper knowledge and experience to teach the classes he ("Pl") taught at "Prairie State", both credited and non-credited classes, not-with-standing the claims alleged by "Hansel" in her ("Hansel's") sworn declaration, such that Plaintiff must provide such disclaimer to the regional accrediting commission (Higher Learning Commission) to protect himself, ("Pl") , against any future legal actions against "Prairie

State" where Plaintiff , Bennie Kennedy maybe added as a defendant by students who took credited and non-credited classes taught by Plaintiff, Bennie Kennedy.

3(n).   Plaintiff, Bennie Kennedy finds it necessary to protect his ("PI's") legal interest and rights regarding any actions that could precipitate from "Hansel's" sworn declaration that he, Bennie Kennedy, did not have proper credentials or experience or was not a "**documented journeyman"** – there is no such formal title as a "documented journeyman", thus, a copy of this disclaimer in this complaint must be submitted to the United Stated Department of Education in Washington D.C. towards any legal action they (U. S. Dept. of Education) may deem necessary regarding "Prairie State" collecting and receiving federal funds for tuition for the students who took classes taught Bennie Kennedy over six (6) years and any class action that may be brought on behalf of said students.

3(o).   Plaintiff, Bennie Kennedy also disclaims any funds received as salaries whose source was federal student funds under the U. S. Department of Education with any knowledge that he, Bennie Kennedy, was not qualified to receive salaries from federal funds for classes – which it is alleged - he was not qualified to teach.   Said disclaimer will necessarily be submitted to the United States Attorney General's Office for any legal actions they (U.S. Attorney General's Office) may deem necessary to prosecute *fraud* regarding receipt of federal funds.

3(p).   This office, prior to filing a lawsuit against Schneider Electric ("Schneider") in the

case cited above, (Case no. 2:12-CV-00122-PRC), wrote in detail to every member of

the Prairie State College Board, the concern about the termination of Bennie Kennedy

from teaching at "Prairie State" College.  It is the belief of Plaintiff that this "Board" was

aware that a declaration had been prepared and had been solicited on behalf Schneider

Electric or Square D and, therefore, said "Board" can be said to have had prior notice

that a fraudulent document was being drafted and was to be submitted to a federal court

which represented false statements constituting a criminal act and therefore said

"Board" can be said to have committed *misprision of a felony*.  Additionally, several

individuals listed in emails mentioned above can also be said to have had prior

knowledge that this fraudulent document was to be submitted – also making them

(individuals listed in emails) criminally liable for *misprision of a felony*.


3(q).   Plaintiff will identify through additional discovery and investigation, those persons

who will be identified as DOES.  Georgia Karras of Prairie State College headed up the

section at "Prairie State" under which Bennie Kennedy ("Pl") taught.  Georgia Karras

was, at all times relevant, Assistant Professor and Coordinator at "Prairie State". **(See**

**EXHIBIT 2  Email 09/22/2010 at 10:37AM – This Email reflects that the individual**

**under which Bennie Kennedy taught saw no problems with his ("Pl's")**

**qualifications and credentials).**


3(r).   Plaintiff, Bennie Kennedy also indicated in the series of email communications

mentioned earlier that he ("Pl") also taught at some period with Lake Land College and

Illinois Eastern Community Colleges – both of which are accredited by the same accreditation commission as is "Prairie State" according to the Higher Learning Commission website.  This information was also made known to Dean "Hansel" in the course of the exchange of the series of emails mentioned earlier.  This, **again**, reflects that Dean "Hansel" was well aware that Bennie Kennedy had the proper and necessary background to teach the classes at "Prairie State".  Her (Dean "Hansel's") declaration is further demonstrated to be a perjured and fraudulent document.


3(s).   As mentioned above, Patty Valenziano sent two (2) emails suggesting that Bennie Kennedy ("Pl") does not have the proper credentials to teach. **(See Copy of Email Dated 9/21/2010 at 11:30AM To: Georgia Karras and Marie Hansel From: Patty Valenziano <pvalenziano@prairiestate.edu> marked as EXHIBIT 2). (See Copy of Email Dated 08/11/2010 at 4:30PM By: Patty Valenziano <pvalenziano@prairiestate.edu> marked as EXHIBIT 9 attached and made apart hereto). (In contrast, see EXHIBIT 2 Email 09/22/2010 at 10:37AM –Email by Georgia Karras).  (Also see Page 4 of 8 of EXHIBIT 2 Copy of Email Response from Georgia Karras).**        Additionally, "Bennie Kennedy" was offered a teaching position in the electronics/electrical field at "Prairie State" on or about May 2011 from Edward Jodelka.  On or about October 2011, three (3) days before the class was scheduled to start, Edward Jodelka indicated that he (Edward Jodelka) had to remove "Bennie Kennedy" as the instructor because he (Edward Jodelka) was informed that "Bennie Kennedy" had filed a lawsuit against "Prairie State".  Again, "Bennie Kennedy"

did not file a lawsuit against either "Schneider" Electric or "Prairie State" and initiated a lawsuit against **only** "Schneider" Electric in February 2012.

This constitutes a second breach of contract on the part of "Prairie State". **(See Copy of Email Dated 05/12/2011 at 12:06PM To: Bennie Kennedy From: Edward Jodelka <<u>EJodelka@prairiestate.edu</u>>, See Copy of Email Dated 10/05/2011 at 7:46PM From: Bennie Kennedy To: Edward Jodelka <<u>EJodelka@prairiestate.edu</u>>, See Copy of Email Dated 10/06/2011 at 10:28AM To: Bennie Kennedy From: Edward Jodelka <<u>EJodelka@prairiestate.edu</u>> marked as EXHIBIT 10  attached and made apart hereto).**

Georgia Karras of "Prairie State" College who headed up the section under which "Bennie Kennedy" taught classes at "Prairie State", sent an email to "Bennie Kennedy" outlining the classes she (Georgia Karras) had lined up for "Bennie Kennedy" to teach in the Fall of 2010. **(See Copy of Email Dated 02/22/2010 at 8:16AM To: Bennie Kennedy From: Georgia Karras <<u>gkarras@prairiestate.edu</u>>, Subject: Schedule – Fall 2010 marked as EXHIBIT 11 attached and made apart hereto).**

This scheduled class is an example of the breach of contract which came about subsequent to the phone call of July 2010, and this is supported by the fact that "Hansel" asked whether they ("Prairie State") can find someone else to take over the Fall 2010 classes that "Bennie Kennedy" was scheduled to teach. **(See Copy of Email Subject: Re: Bennie Kennedy, Page 3 of 8 and Page 4 of 8, which speak to replacing Bennie Kennedy marked as EXHIBIT 2).**

# <u>JURISDICTION AND VENUE</u>

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a)(2) because of diversity of citizenship established in Case Number: **2:12-cv-00122-PRC** that was removed to this Court upon motion of the defendants in Case Number: **2:12-cv-00122-PRC**, and that this matter is submitted alleging fraud upon this Court by a declaration filed by said defendants in Case Number: **2:12-cv-00122-PRC** .  Diversity stems from, and was established in, Case Number: **2:12-cv-00122-PRC** setting forth that Plaintiff, Bennie Kennedy who is now a plaintiff in this case, was employed in the state of Indiana under the same Case Number**: 2:12-cv-00122-PRC**  .  And under Case Number: **2:12-cv-00122-PRC**, defendants were established as citizens of the state of Ohio.

Finally, **(2)** the amount in controversy exceeds $75,000 exclusive of interest and costs.

# COMMON ALLEGATIONS

1.      At all times material hereto, Plaintiff, Bennie Kennedy was harmed by defendants in Lake County, Indiana in that Defendant "Hansel" set forth in a sworn declaration submitted for the purposes of assisting defendants "Schneider Electric" in Case Number: **2:12-cv-00122-PRC** that was before This Court on Motion for Summary Judgment which was subsequently granted by This Court.

Said declaration was known by the Declarant, "Hansel" to be false in substance and therefore subject to Federal Rules of Civil Procedure 56(h).

This declaration was clearly known to be false by the board members of "Prairie State" and several faculty members of "Prairie State" some of whose names are set forth in numerous emails generated between "Bennie Kennedy" and said faculty members, e.g. Georgia Karras, Marie Hansel, Vivian Zimmerman, rkrauss@prairiestate.edu, Patty Valenziano, lgebhardt@prairiestate.edu.   This declaration was intended to defeat Plaintiff "Bennie Kennedy" in Case Number: **2:12-cv-00122-PRC.**  (These emails are attached as exhibits to this complaint).

Said Board of Directors at "Prairie State" and faculty members of "Prairie State" will be shown to have had knowledge that the above-mentioned false declaration which constitutes **fraud** on the Court was to be submitted prior to its submission and therefore will have committed **misprision of a felony** in that said fraud can be said to be a criminal felony.

On or about the latter part of the year 2010, this office contacted all Board Members of "Prairie State" College inquiring as to the reasons for the termination of "Bennie Kennedy's" teaching assignments.  Not one (1) board member of "Prairie State"

sought to respond to these inquiries from this (John H. Davis & Associates') office.  This

fact sets forth knowledge that said board members were aware of the termination of

"Bennie Kennedy".  It is plaintiff's ("Bennie Kennedy's") belief that said board members

began determining how best to handle this (termination) situation.  Clearly

demonstrating that the termination was not based on credentials or qualifications to

teach said classes, particularly after teaching classes for over six (6) years at "Prairie

State".  (These inquiries to the Board of "Prairie State" by this office, John H. Davis &

Associates, were based upon work product for the case of "Bennie Kennedy").

  It is plaintiff's belief that the board and faculty of "Prairie State" ignored and gave

no reason to "Bennie Kennedy's" inquiry or this office's (John H. Davis & Associates')

inquiry on behalf of "Bennie Kennedy" as to his ("Bennie Kennedy's") termination

because said board and faculty of "Prairie State" were concerned that they ("Prairie

State") may be made defendants as to liability for said defamation by "Schneider"

Electric/Square D in that "Prairie State" re-published on numerous occasions the said

defamation i.e. "using proprietary material" - subjecting "Prairie State" to numerous

counts of defamation.


  2. At all times material hereto, Defendants, were located and doing business

in the state of Illinois.


  3. On or about February 27, 2014, Defendant, Marie Hansel ("Hansel")

signed a DECLARATION under penalty of perjury as a Dean of Defendant, "Prairie

State" College, setting forth false statements constituting fraud which was subsequently

submitted to this Court by Defendants of Schneider Electric in Case Number: **2:12-cv-00122-PRC** filed on 03/07/2014**.**  This Court, subsequently, granted a Motion for Summary Judgment in Case Number: **2:12-cv-00122-PRC.**


4.      "Prairie State" in taking the position that "Bennie Kennedy" was not qualified to teach credited and non-credited classes for over six (6) years thereby invalidated all the credits granted to students and all the certificates granted to students who took classes taught by "Bennie Kennedy".  "Bennie Kennedy" herein sets forth that he ("PI") was always of the mind that he ("PI") was, in fact, qualified to teach said classes and cannot be held to have misrepresented to the students who took his ("PI") classes that their (students') credits would be, or could be, vacated or negated.  Further, "Bennie Kennedy" sets forth that he ("Bennie Kennedy") cannot be shown to be liable to said students via any cause of action that might be brought forth on behalf of said students and/or the U.S. Department of Education.

"Bennie Kennedy" also sets forth **no** responsibility for federal student funds received by students who took classes taught by him ("Bennie Kennedy") at "Prairie State" which might be said to have been improperly received based upon any lack of qualifications by "Bennie Kennedy" to teach classes to students receiving federal student loans. (Therefore this disclaimer by "Bennie Kennedy" **will be submitted** to the U. S. Department of Education and any and all entities dispersing federal student loan funds, and the U.S. Attorney General's Office in Washington D.C.).

5.     It is the belief of Plaintiff, "Bennie Kennedy" that "Prairie State's" position, which is that he ("Bennie Kennedy") was terminated because of lack of qualifications to teach credited and non-credited classes, creates a liability on all persons at "Prairie State" – including the board and faculty at "Prairie State" as well as "Bennie Kennedy" for obtaining federal student funds illegally.  Therefore "Bennie Kennedy", again, sets forth **no** intention to receive federal student funds illegally in that "Bennie Kennedy" again asserts his ("Bennie Kennedy's") proper qualifications to teach classes at "Prairie State".

6.     "Bennie Kennedy" again asserts **no** responsibility for misleading or misrepresenting facts to the regional accreditation commission that there were no unqualified faculty teaching classes, particularly credited classes as "Prairie State" when the regional accreditation commission did its full accreditation review at "Prairie State" in the year 2008/2009 during which period "Bennie Kennedy" was teaching classes at "Prairie State" starting from approximately the year 2004 through parts of the year 2010. Therefore, "Bennie Kennedy" will **submit** this disclaimer to said regional accreditation commission.

7.     At all times material hereto, "Bennie Kennedy" was a member of their ("Prairie State's") Adjunct Instructor's Union (AIU), and as such was entitled to a procedural process wherein termination or any disciplinary decisions or actions must follow a set process.  "Bennie Kennedy" never received the proper contractual agreed union process in that "Prairie State" never brought the termination of "Bennie Kennedy"

to the union to follow the set contractual proceedings.  Therefore, "Prairie State" **breached the contract** and benefits to "Bennie Kennedy" set forth in the union contract (AIU) – On two (2) separate occasions, Feb. 2010 and May 2011.


8.      At all times material hereto, "Bennie Kennedy" was not privy to any misrepresentations by all named defendants allowing the receipt of federal student funds which come from a federally funded program.  And, as such, "Bennie Kennedy" is hereby acting in the position of a **relator** regarding any such illegal receipt of federal funds by any of the named defendants under the Title 18 U.S.C. 666.

# <u>CLAIMS</u>

## A.  PRAIRIE STATE COLLEGE –
### (Also Administrators and Faculty–Individually and Collectively)

9.     Plaintiff restates and pleads paragraphs 1 – 8 above and incorporates the same by reference as though fully set forth herein.

## <u>COUNT I BREACH OF CONTRACT</u>

10.     At all times material hereto, "Bennie Kennedy" was an employee of "Prairie State" College as an adjunct faculty and thereby a member of the Adjunct Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie State" which included a number of procedures required to terminate any adjunct instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to follow said contractual requirements for termination of "Bennie Kennedy" and thereby breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of said monetary damages are to be determined.  This breach occurred, between July 2010 to the present date, in that, said breach is still unresolved.

# <u>COUNT II FRAUD</u>

11.     At all times material hereto, on or about February 27, 2014 Defendant "Hansel" gave a declaration under penalty of perjury setting forth substantive material which asserted that "Prairie State" College revoked "Bennie Kennedy's" approval to teach at "Prairie State".  Said declaration was clearly known to be in material substance false by the Declarant "Hansel".

Said declaration was submitted to the Court in the case of Kennedy vs. Schneider Electric Case Number 2:12-cv-122-PRC in their ("Schneider's") Motion for Summary Judgment which was subsequently granted to Schneider Electric by **the Court in Case Number 2:12-cv-122-PRC.**  Subsequent to exhaustive research and investigation, facts support that said declaration was false and, indeed, a fraud perpetrated upon the Court.  **(See EXHIBIT 3A and EXHIBIT 3B herein).**

Said declaration sets forth in support of allegations that "Bennie Kennedy's" teaching was revoked based on lack of qualifications.

E.g. The said declaration sets forth such ludicrous and unbelievable statements among which the **Declarant**, "Hansel" states that as Dean at "Prairie State" College, "Bennie Kennedy" was not a "documented journeyman".   Further, based on **EXHIBIT 3A** and **EXHIBIT 3B** it is set forth that the decisions to revoke "Bennie Kennedy's" teaching at "Prairie State" comes from these emails which, in part, assert that (1) "…In addition they ("Schneider") indicated that you ("Bennie Kennedy") did not have the minimum number of credential, or certificate to qualify for **their** ("Schneider's") requirements to teach".  *These are requirements not of PSC ("Prairie State") but your*

("Bennie Kennedy's") *employer.   You ("Bennie Kennedy") will need to talk with them ("Schneider") about reinstatement".*

It is clear from the declarant's ("Hansel's") statements and email communications that "Prairie State" was seeking to protect themselves ("Prairie State") from the possible inclusion as a defendant with "Schneider" Electric for defamation against Plaintiff "Bennie Kennedy" in the above cited case.  Thus, "Prairie State" was motivated to assist, albeit with a fraudulent document, "Schneider" Electric in the lawsuit brought against "Schneider" Electric by "Bennie Kennedy".

The timing of "Prairie State's" concern about "Bennie Kennedy's" teaching qualifications is clear from all the materials submitted hereto.

"Schneider" Electric is an electrical machinery corporation and in no fashion an academic institution, and certainly not a regional accreditation or "Higher Learning Commission".   All of this is to the harm of "Bennie Kennedy."

## COUNT III MISPRISION OF FELONY

12.     At all times material hereto, individuals at "Prairie State" – teachers, faculty, administrators, board of directors were aware that a decision was made to assist "Schneider" Electric in the lawsuit against them ("Schneider") by "Bennie Kennedy" for purposes of possibly avoiding being named as a co-defendant in the "Schneider" Electric case, and therefore, a decision was made to submit a declaration to "Schneider" Electric asserting that "Bennie Kennedy"  was not terminated because a telephone call from "Schneider" Electric.  This declaration was known to be false or known to contain false information prior to the drafting and submission of said false declaration.  This false declaration constitutes a fraud upon the Court and having prior

knowledge on the intent to draft such a document constituting fraud, represents misprision of a felony by all individuals having knowledge that such a document was to be submitted.

# COUNT IV RICO/RELATOR

13.     At all times material hereto, Defendant, "Prairie State" College – between the year 2004 to the year 2010, did enroll students who received federally funded student loans in programs directed at "Prairie State" College and said defendants did author, by an agent – Dean "Hansel", faculty at "Prairie State", a declaration under oath, subject to perjury, that a faculty member – namely "Bennie Kennedy" did not have the requisite requirements in either certificates, education, or experience such as journeyman experience to teach classes to students who were receiving federally funded students loans thereby committing fraud upon said program in the U. S. Government, violating Title 18 U.S.C. 666 - THEFT OR BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS.   Thus, Plaintiff, "Bennie Kennedy" is acting as relator in the capacity of whistleblower.   "Bennie Kennedy" disclaims any knowing involvement in this fraud perpetrated by the admission of such perpetration in that defendant in said declaration sets forth that "Bennie Kennedy" was not qualified to teach, but thus continued from the year 2004 to the year 2010 to continue assigning classes for "Bennie Kennedy" to teach.

As an act of theft of federal funds (Title 18 U.S.C. 666) under **RICO** (Racketeer Influenced and Corrupt Organizations - 18 U.S. Code Chapter 96), the defendant received said federal funds individually and collectively, dispersed to each in the form of salaries, budgets, benefits, and administrative costs.

# <u>COUNT V BREACH OF CONTRACT</u>

14.     At all times material hereto, "Bennie Kennedy" was an employee of "Prairie State" College as an adjunct faculty and thereby a member of the Adjunct Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie State" which included a number of procedures required to terminate any adjunct instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to follow said contractual requirements for termination of "Bennie Kennedy" and thereby breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of said monetary damages are to be determined.  This breach occurred between October 2011 to the present date, in that, said breach is still unresolved.

**WHEREFORE,** Plaintiff, "Bennie Kennedy" prays that the Court grants **him,** "Bennie Kennedy" judgment against the Defendant, Prairie State College ("Prairie State")  and all of their ("Prairie State's") administrators, directors, faculty, and agents in damages representing over $75,000.00 and/or to be determined, and that the Court, *sua sponte* refer the criminal portions of the allegations set forth above to federal agencies including the United States' Attorney General's Office, that this relief anticipates compensatory as well as punitive damages, and all other just and proper remedies in the premises.

Dated: April 13, 2016

Respectfully Submitted,

**/s/ John H. Davis**

**John H. Davis, #4812-45**
Attorney for Plaintiff, Bennie Kennedy

John H. Davis
Attorney at Law
P.O. Box 43
Crown Point, Indiana 46308-0043
PHONE:      (219) 884-2461
attyhdavis@gmail.com

# B.   PRAIRIE STATE COLLEGE BOARD OF DIRECTORS  (Individually and Collectively)

15.      Plaintiff restates and pleads paragraphs 1 – 14 above and incorporates

the same by reference as though fully set forth herein.

## COUNT I BREACH OF CONTRACT

16.      At all times material hereto, "Bennie Kennedy" was an employee of

"Prairie State" College as an adjunct faculty and thereby a member of the Adjunct

Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie

State" which included a number of procedures required to terminate any adjunct

instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to

follow said contractual requirements for termination of "Bennie Kennedy" and thereby

breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such

breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie

Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued

employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of said monetary damages are to be determined.  This breach occurred between July 2010 to the present date, in that, said breach is still unresolved.

Prairie State College Board of Directors **("Board")** had a fiduciary duty to direct the activities of "Prairie State" College and, as such, is responsible for said breach of contract.

## <u>COUNT II FRAUD</u>

17.    At all times material hereto, on or about February 27, 2014 Defendant "Hansel" gave a declaration under penalty of perjury setting forth substantive material which asserted that "Prairie State" College revoked "Bennie Kennedy's" approval to teach at "Prairie State".  Said declaration was clearly known to be in material substance false by the Declarant "Hansel".

Said declaration was submitted to the Court in the case of Kennedy vs. Schneider Electric Case Number 2:12-cv-122-PRC in their ("Schneider's") Motion for Summary Judgment which was subsequently granted to Schneider Electric by **the Court in Case Number 2:12-cv-122-PRC.**  Subsequent to exhaustive research and investigation, facts support that said declaration was false and, indeed, a fraud perpetrated upon the Court.  **(See EXHIBIT 3A  and EXHIBIT 3B herein).**

Said declaration sets forth in support of allegations that "Bennie Kennedy's" teaching was revoked based on lack of qualifications.

E.g. The said declaration sets forth such ludicrous and unbelievable statements among which the **Declarant,** "Hansel" states that as Dean at "Prairie State" College,

"Bennie Kennedy" was not a "documented journeyman".   Further, based on **EXHIBIT 3A** and **EXHIBIT 3B** it is set forth that the decisions to revoke "Bennie Kennedy's" teaching at "Prairie State" comes from these emails which, in part, assert that (1) "…In addition they ("Schneider") indicated that you ("Bennie Kennedy") did not have the minimum number of credential, or certificate to qualify for **their** ("Schneider") requirements to teach".  (2) *These are requirements not of PSC ("Prairie State") but your (*"Bennie Kennedy's") *employer.   You ("Bennie Kennedy") will need to talk with them ("Schneider") about reinstatement".*  ("Bennie Kennedy" is still employed at "Schneider" Electric).

There is no such animal as "documented journeyman".  Journeyman is defined as an individual who has extensive work experience in a particular esoteric area such as electrician/electronics.  "Bennie Kennedy" had, at the time of his ("Bennie Kennedy's") employment at "Prairie State" over thirty-seven (37) years experience in his ("Bennie Kennedy's") field which was documented via his employment application with "Prairie State".

The **issue** has always been whether or not "Bennie Kennedy" was terminated based upon a phone call from "Schneider" Electric to "Prairie State's" Dean "Hansel".

It is clear from the declarant's ("Hansel's") statements and email communications that "Prairie State" was seeking to protect themselves ("Prairie State") from the possible inclusion as a defendant with "Schneider" Electric for defamation against Plaintiff "Bennie Kennedy" in the above cited case.  Thus, "Prairie State" was motivated to assist, albeit with a fraudulent document, "Schneider" Electric in the lawsuit brought against "Schneider" Electric by "Bennie Kennedy".

The timing of "Prairie State's" concern about "Bennie Kennedy's" teaching qualifications is clear from all the materials submitted hereto.

"Schneider" Electric is an electrical machinery corporation and in no fashion an academic institution, and certainly not a regional accreditation or "Higher Learning Commission".

Prairie State College Board of Directors ("Board") were on notice on or about August 2010 via letters sent to each board member from this office (John H. Davis & Associates) inquiring as to the termination of "Bennie Kennedy's" employment.  This "Board" sought to ignore such inquiry and clearly never asserted their ("Board's") authority and/or exercised their ("Board") fiduciary duty over members of "Prairie State" College administrators and faculty, thus this "Board" is equally liable for said fraud in that they ("Board") had a fiduciary duty to prevent such fraud.  All of this is to the harm of "Bennie Kennedy."

## COUNT III MISPRISION OF FELONY

18.     At all times material hereto, individuals at "Prairie State" – teachers, faculty, administrators, board of directors were aware that a decision was made to assist "Schneider" Electric in the lawsuit against them ("Schneider") by "Bennie Kennedy" for purposes of possibly avoiding being named as a co-defendant in the "Schneider" Electric case, and therefore, a decision was made to submit a declaration to "Schneider" Electric asserting that "Bennie Kennedy"  was not terminated because a telephone call from "Schneider" Electric.  This declaration was known to be false or known to contain false information prior to the drafting and submission of said false declaration.  This false declaration constitutes a fraud upon the Court and having prior

knowledge on the intent to draft such a document constituting fraud, represents

misprision of a felony by all individuals having knowledge that such a document was to

be submitted.

"Prairie State" Board of Directors ("Board"), having had prior knowledge to the

decision to assist "Schneider" Electric by drafting and submitting a sworn declaration as

to alleged reasons that "Bennie Kennedy's" teaching classes at "Prairie State" was

being revoked, thus the "Board" is responsible for said declaration which is a fraud and

therefore said "Board" is liable for commission of misprision of a felony.

# <u>COUNT IV RICO/RELATOR</u>

19.     At all times material hereto, Defendant, "Prairie State" College – between

the year 2004 to the year 2010, did enroll students who received federally funded

student loans in programs directed at "Prairie State" College and said defendants did

author, by an agent – Dean "Hansel", faculty at "Prairie State", a declaration under oath,

subject to perjury, that a faculty member – namely "Bennie Kennedy" did not have the

requisite requirements in either certificates, education, or experience such as

journeyman experience to teach classes to students who were receiving federally

funded students loans thereby committing fraud upon said program in the U. S.

Government, violating Title 18 U.S.C. 666 - THEFT OR BRIBERY CONCERNING

PROGRAMS RECEIVING FEDERAL FUNDS.   Thus, Plaintiff, "Bennie Kennedy" is

acting as relator in the capacity of whistleblower.  "Bennie Kennedy" disclaims any

knowing involvement in this fraud perpetrated by the admission of such perpetration in

that defendant in said declaration sets forth that "Bennie Kennedy" was not qualified to

teach, but thus continued from the year 2004 to the year 2010 to continue assigning classes for "Bennie Kennedy" to teach.

As an act of theft of federal funds (Title 18 U.S.C. 666) under **RICO** (Racketeer Influenced and Corrupt Organizations - 18 U.S. Code Chapter 96), the defendant received said federal funds individually and collectively, dispersed to each in the form of salaries, budgets, benefits, and administrative costs.

The Prairie State College Board of Directors ("Board") as a defendant in this matter had a fiduciary duty to prevent the above-cited actions by "Prairie State" College administrators and faculty.

## COUNT V BREACH OF CONTRACT

20.     At all times material hereto, "Bennie Kennedy" was an employee of "Prairie State" College as an adjunct faculty and thereby a member of the Adjunct Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie State" which included a number of procedures required to terminate any adjunct instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to follow said contractual requirements for termination of "Bennie Kennedy" and thereby breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of

said monetary damages are to be determined.  This breach occurred between October

2011 to the present date, in, that, said breach is still unresolved.

   **WHEREFORE,** Plaintiff, "Bennie Kennedy" prays that the Court grants **him,**

"Bennie Kennedy" judgment against the Defendant, Prairie State College Board of

Directors ("Board" ) and agents in damages representing over $75,000.00 and/or to be

determined, and that the Court, *sua sponte* refer the criminal portions of the allegations

set forth above to federal agencies including the United States' Attorney General's

Office, that this relief anticipates compensatory as well as punitive damages, and all

other just and proper remedies in the premises.


                                         Respectfully Submitted,

Dated: April 13, 2016

                                         **/s/ John H. Davis**

                                         **John H. Davis, #4812-45**
                                         Attorney for Plaintiff, Bennie Kennedy

John H. Davis
Attorney at Law
P.O. Box 43
Crown Point, Indiana 46308-0043
PHONE:      (219) 884-2461
attyhdavis@gmail.com



# C.   MARIE HANSEL        (Individually and Collectively)

   21.    Plaintiff restates and pleads paragraphs 1 – 20 above and **incorporates**

the same by reference as though fully set forth herein.

# COUNT I BREACH OF CONTRACT

   22.    At all times material hereto, "Bennie Kennedy" was an employee of

"Prairie State" College as an adjunct faculty and thereby a member of the Adjunct

Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie State" which included a number of procedures required to terminate any adjunct instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to follow said contractual requirements for termination of "Bennie Kennedy" and thereby breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of said monetary damages are to be determined.  This breach occurred between July 2010 to the present date, in that, said breach is still unresolved.

Defendant, "Hansel" – by her ("Hansel's") actions, refused and failed to comply with the procedural requirements of AIU in the termination of "Bennie Kennedy's" teaching and intentionally subverted his ("Bennie Kennedy's") contractual rights under the union contract.  "Hansel" as Dean was, and should have been, fully familiar with the procedures for termination or revoking teaching by adjunct faculty at "Prairie State" in her ("Hansel's") administrative capacity, she ("Hansel") can be said to have acted in a way that was egregious in the harm to "Bennie Kennedy" and intentional, thus requiring punitive as well as compensatory damages.

## COUNT II FRAUD

23.    At all times material hereto, on or about February 27, 2014 Defendant "Hansel" gave a declaration under penalty of perjury setting forth substantive material

which asserted that "Prairie State" College revoked "Bennie Kennedy's" approval to teach at "Prairie State".  Said declaration was clearly known to be in material substance false by the Declarant "Hansel".

Said declaration was submitted to the Court in the case of Kennedy vs. Schneider Electric Case Number 2:12-cv-122-PRC in their ("Schneider's") Motion for Summary Judgment which was subsequently granted to Schneider Electric by **the Court in Case Number 2:12-cv-122-PRC.**  Subsequent to exhaustive research and investigation, facts support that said declaration was false and, indeed, a fraud perpetrated upon the Court.  **(See EXHIBIT 2, EXHIBIT 3A, EXHIBIT 3B and EXHIBIT 7 herein).**

Said declaration sets forth in support of allegations that "Bennie Kennedy's" teaching was revoked based on lack of qualifications.

E.g. The said declaration sets forth such ludicrous and unbelievable statements among which the **Declarant**, "Hansel" states that as Dean at "Prairie State" College, "Bennie Kennedy" was not a "documented journeyman".   Further, based on **EXHIBIT 2, EXHIBIT 3A and EXHIBIT 3B** - it is set forth that the decisions to revoke "Bennie Kennedy's" teaching at "Prairie State" comes from these emails which, in part, assert that (1) "…In addition they ("Schneider") indicated that you ("Bennie Kennedy") did not have the minimum number of credential, or certificate to qualify for **their** ("Schneider") requirements to teach".  (2) *These are requirements not of PSC ("Prairie State") but your (*"Bennie Kennedy's") *employer.   You (*"Bennie Kennedy") *will need to talk with them ("Schneider") about reinstatement".*  ("Bennie Kennedy" is still employed at "Schneider" Electric).

There is no such animal as "documented journeyman".  Journeyman is defined as an individual who has extensive work experience in a particular esoteric area such as electrician/electronics.  "Bennie Kennedy" had, at the time of his ("Bennie Kennedy's") employment at "Prairie State" over thirty-seven (37) years experience in his ("Bennie Kennedy's") field which was documented via his employment application with "Prairie State".

The **issue** has always been whether or not "Bennie Kennedy" was terminated based upon a phone call from "Schneider" Electric to "Prairie State's" Dean "Hansel".

It is clear from the declarant's ("Hansel's") statements and email communications that "Prairie State" was seeking to protect themselves ("Prairie State") from the possible inclusion as a defendant with "Schneider" Electric for defamation against Plaintiff "Bennie Kennedy" in the above cited case.  Thus, "Prairie State" was motivated to assist, albeit with a fraudulent document, "Schneider" Electric in the lawsuit brought against "Schneider" Electric by "Bennie Kennedy".

The timing of "Prairie State's" concern about "Bennie Kennedy's" teaching qualifications is clear from all the materials submitted hereto.

"Schneider" Electric is an electrical machinery corporation and in no fashion an academic institution, and certainly not a regional accreditation or "Higher Learning Commission".

Defendant "Hansel" in her sworn declaration states that Olson, of Schneider Electric/Square D in her (Olson's) telephone call to "Hansel", never stated to "Hansel" that "Bennie Kennedy" **used** proprietary information…, however, Dean "Hansel's" own fellow "Prairie State" employee, Zimmerman states in an email that "Hansel" stated that

she ("Hansel") was told in said telephone communication with "Schneider" Electric that "Bennie Kennedy" used proprietary information. **(See EXHIBIT 3B - List/Table of Emails Ordered by Date/Time #15 and #8 Dated 01/20/2011 at 12:10PM). (Also see Copy of Email from Georgia Karras Dated 09/22/2010 @10:37AM Page 3 of 8 marked as EXHIBIT 2).**

The declarant, Dean "Hansel" has clearly committed a fraud upon the Court in her ("Hansel's") sworn declaration.

## <u>COUNT III MISPRISION OF FELONY</u>

24.     At all times material hereto, individuals at "Prairie State" – teachers, faculty, administrators, board of directors were aware that a decision was made to assist "Schneider" Electric in the lawsuit against them ("Schneider") by "Bennie Kennedy" for purposes of possibly avoiding being named as a co-defendant in the "Schneider" Electric case, and therefore, a decision was made to submit a declaration to "Schneider" Electric asserting that "Bennie Kennedy"  was not terminated because of a telephone call from "Schneider" Electric.  This declaration was known to be false or known to contain false information prior to the drafting and submission of said false declaration.  This false declaration constitutes a fraud upon the Court and having prior knowledge on the intent to draft such a document constituting fraud, represents misprision of a felony by all individuals having knowledge that such a document was to be submitted.

Dean "Hansel" was the sworn declarant.

# COUNT IV RICO/RELATOR

25.     At all times material hereto, Defendant, "Prairie State" College – between the year 2004 to the year 2010, did enroll students who received federally funded student loans in programs directed at "Prairie State" College and said defendants did author, by an agent – Dean "Hansel", faculty at "Prairie State", a declaration under oath, subject to perjury, that a faculty member – namely "Bennie Kennedy" did not have the requisite requirements in either certificates, education, or experience such as journeyman experience to teach classes to students who were receiving **federally funded student loans** thereby committing fraud upon said program in the U. S. Government, violating Title 18 U.S.C. 666 - THEFT OR BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS.   Thus, Plaintiff, "Bennie Kennedy" is acting as relator in the capacity of whistleblower.  "Bennie Kennedy" disclaims any knowing involvement in this fraud perpetrated by the admission of such perpetration in that defendant in said declaration sets forth that "Bennie Kennedy" was not qualified to teach, but thus continued from the year 2004 to the year 2010 to continue assigning classes for "Bennie Kennedy" to teach.

As an act of theft of federal funds (Title 18 U.S.C. 666) under **RICO** (Racketeer Influenced and Corrupt Organizations - 18 U.S. Code Chapter 96), the defendant received said federal funds individually and collectively, dispersed to each in the form of salaries, budgets, benefits, and administrative costs.

# COUNT V BREACH OF CONTRACT

26.     At all times material hereto, "Bennie Kennedy" was an employee of "Prairie State" College as an adjunct faculty and thereby a member of the Adjunct

Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie State" which included a number of procedures required to terminate any adjunct instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to follow said contractual requirements for termination of "Bennie Kennedy" and thereby breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of said monetary damages are to be determined.  This breach occurred between October 2011 to the present date, in that, said breach is still unresolved.

**WHEREFORE,** Plaintiff, "Bennie Kennedy" prays that the Court grants him**,** "Bennie Kennedy",  judgment against the Defendant, Marie Hansel ("Hansel") individually and as an agent of Prairie State College ("Prairie State") for damages representing over $75,000.00 and/or to be determined, and that the Court, *sua sponte* refer the criminal portions of the allegations set forth above to federal agencies including the United States' Attorney General's Office, that this relief anticipates compensatory as well as punitive damages, and all other just and proper remedies in the premises.

Respectfully Submitted,

Dated: April 13, 2016

**/s/ John H. Davis**

**John H. Davis, #4812-45**
Attorney for Plaintiff, Bennie Kennedy

John H. Davis
Attorney at Law
P.O. Box 43
Crown Point, Indiana 46308-0043
PHONE:        (219) 884-2461
attyhdavis@gmail.com

## D.   PATTY VALENZIANO      (Individually and Collectively)

27.      Plaintiff restates and pleads paragraphs 1 – 26 above and incorporates the same by reference as though fully set forth herein.

# COUNT I BREACH OF CONTRACT

28.      At all times material hereto, "Bennie Kennedy" was an employee of "Prairie State" College as an adjunct faculty and thereby a member of the Adjunct Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie State" which included a number of procedures required to terminate any adjunct instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to follow said contractual requirements for termination of "Bennie Kennedy" and thereby breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of said monetary damages are to be determined.  This breach occurred between July 2010 to the present date, in that, said breach is still unresolved.

Defendant, "Valenziano" – by her ("Valenziano") actions, refused and failed to comply with the procedural requirements of AIU in the termination of "Bennie Kennedy's" teaching and intentionally subverted his ("Bennie Kennedy's") contractual rights under the union contract.  "Valenziano" as Associate Dean was, and should have been, fully familiar with the procedures for termination or revoking teaching by adjunct

faculty at "Prairie State" in her ("Valenziano's") administrative capacity, she ("Valenziano") can be said to have acted in a way that was egregious in the harm to "Bennie Kennedy" and intentional, thus requiring punitive as well as compensatory damages.

# <u>COUNT II FRAUD</u>

29.     At all times material hereto, on or about February 27, 2014 Defendant "Hansel" gave a declaration under penalty of perjury setting forth substantive material which asserted that "Prairie State" College revoked "Bennie Kennedy's" approval to teach at "Prairie State".  Said declaration was clearly known to be in material substance false by the Declarant "Hansel".

Said declaration was submitted to the Court in the case of Kennedy vs. Schneider Electric Case Number 2:12-cv-122-PRC in their ("Schneider's") Motion for Summary Judgment which was subsequently granted to Schneider Electric by **the Court in Case Number 2:12-cv-122-PRC.**  Subsequent to exhaustive research and investigation, facts support that said declaration was false and, indeed, a fraud perpetrated upon the Court. Patty "Valenziano" actively participated and personally assisted Marie "Hansel" in perpetrating the perjured declaration.  **(See EXHIBIT 3A and EXHIBIT 3B herein). (See Copy of Email Dated 09/21/2010 at 11:30AM To: Georgia Karras, Marie Hansel From: Patty Valenziano <pvalenziano@prairiestate.edu>, Subject: Re: Bennie Kennedy Pages 1 to 8 which speaks to replacing Bennie Kennedy marked as EXHIBIT 2 herein).**

Said declaration sets forth in support of allegations that "Bennie Kennedy's" teaching was revoked based on lack of qualifications.

E.g. The said declaration sets forth such ludicrous and unbelievable statements among which the **Declarant**, "Hansel" states that as Dean at "Prairie State" College, "Bennie Kennedy" was not a "documented journeyman".   Further, based on **EXHIBIT 3A** and **EXHIBIT 3B**  it is set forth that the decisions to revoke "Bennie Kennedy's" teaching at "Prairie State" comes from these emails which, in part, assert that (1) "…In addition they ("Schneider") indicated that you ("Bennie Kennedy") did not have the minimum number of credential, or certificate to qualify for **their** ("Schneider") requirements to teach".  (2) *These are requirements not of PSC ("Prairie State") but your (*"Bennie Kennedy's") *employer.   You ("Bennie Kennedy") will need to talk with them ("Schneider") about reinstatement".*  ("Bennie Kennedy" is still employed at "Schneider" Electric).

There is no such animal as "documented journeyman".  Journeyman is defined as an individual who has extensive work experience in a particular esoteric area such as electrician/electronics.  "Bennie Kennedy" had, at the time of his ("Bennie Kennedy's") employment at "Prairie State" over thirty-seven (37) years experience in his ("Bennie Kennedy's") field which was documented via his employment application with "Prairie State".

The **issue** has always been whether or not "Bennie Kennedy" was terminated based upon a phone call from "Schneider" Electric to "Prairie State's" Dean "Hansel".

It is clear from the declarant's ("Hansel's") statements and email communications that "Prairie State" was seeking to protect themselves ("Prairie State") from the possible inclusion as a defendant with "Schneider" Electric for defamation against Plaintiff "Bennie Kennedy" in the above cited case.  Thus, "Prairie State" was motivated to

assist, albeit with a fraudulent document, "Schneider" Electric in the lawsuit brought against "Schneider" Electric by "Bennie Kennedy".

The timing of "Prairie State's" concern about "Bennie Kennedy's" teaching qualifications is clear from all the materials submitted hereto.

"Schneider" Electric is an electrical machinery corporation and in no fashion an academic institution, and certainly not a regional accreditation or "Higher Learning Commission".

Defendant "Hansel" in her sworn declaration states that Olson, of Schneider Electric/Square D in her (Olson's) telephone call to "Hansel", never stated to "Hansel" that "Bennie Kennedy" **used** proprietary information…,however, Dean "Hansel's" own fellow "Prairie State" employee, Zimmerman states in an email that "Hansel" stated that she ("Hansel") was told in said telephone communication with "Schneider" Electric that "Bennie Kennedy" used proprietary information.  **(See EXHIBIT 3B Email #15 and #8 Dated 01/20/2011 at 12:10PM).**

The declarant, Dean "Hansel" has clearly committed a fraud upon the Court in her ("Hansel's") sworn declaration.

## COUNT III MISPRISION OF FELONY

30.     At all times material hereto, individuals at "Prairie State" – teachers, faculty, administrators, board of directors were aware that a decision was made to assist "Schneider" Electric in the lawsuit against them ("Schneider") by "Bennie Kennedy" for purposes of possibly avoiding being named as a co-defendant in the "Schneider" Electric case, and therefore, a decision was made to submit a declaration to "Schneider" Electric asserting that "Bennie Kennedy"  was not terminated because of a

telephone call from "Schneider" Electric.  This declaration was known to be false or known to contain false information prior to the drafting and submission of said false declaration.  This false declaration constitutes a fraud upon the Court and having prior knowledge on the intent to draft such a document constituting fraud, represents misprision of a felony by all individuals having knowledge that such a document was to be submitted.

Dean "Hansel" was the sworn declarant.

## COUNT IV RICO/RELATOR

31.    At all times material hereto, Defendant, "Prairie State" College – between the year 2004 to the year 2010, did enroll students who received federally funded student loans in programs directed at "Prairie State" College and said defendants did author, by an agent – Dean "Hansel", faculty at "Prairie State", a declaration under oath, subject to perjury, that a faculty member – namely "Bennie Kennedy" did not have the requisite requirements in either certificates, education, or experience such as journeyman experience to teach classes to students who were receiving **federally funded student loans** thereby committing fraud upon said program in the U. S. Government, violating Title 18 U.S.C. 666 - THEFT OR BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS.   Thus, Plaintiff, "Bennie Kennedy" is acting as relator in the capacity of whistleblower.  "Bennie Kennedy" disclaims any knowing involvement in this fraud perpetrated by the admission of such perpetration in that defendant in said declaration sets forth that "Bennie Kennedy" was not qualified to teach, but thus continued from the year 2004 to the year 2010 to continue assigning classes for "Bennie Kennedy" to teach.

As an act of theft of federal funds (Title 18 U.S.C. 666) under **RICO** (Racketeer Influenced and Corrupt Organizations - 18 U.S. Code Chapter 96), the defendant received said federal funds individually and collectively, dispersed to each in the form of salaries, budgets, benefits, and administrative costs.

## COUNT V BREACH OF CONTRACT

32.    At all times material hereto, "Bennie Kennedy" was an employee of "Prairie State" College as an adjunct faculty and thereby a member of the Adjunct Instructors Union **(AIU)** and had the rights set forth in the contract of AIU with "Prairie State" which included a number of procedures required to terminate any adjunct instructor.

Said contract was breached by "Prairie State" in that "Prairie State" failed to follow said contractual requirements for termination of "Bennie Kennedy" and thereby breached the contractual rights "Bennie Kennedy" had through the AIU contract.  Such breach harmed "Bennie Kennedy" in that he ("Bennie Kennedy") lost his ("Bennie Kennedy's") rights under the contract to defend his ("Bennie Kennedy's") continued employment as faculty at "Prairie State".  This loss includes salaries and benefits that "Bennie Kennedy" had prior to his ("Bennie Kennedy's") termination.  The amounts of said monetary damages are to be determined.  This breach occurred between October 2011 to the present date in that said breach is still unresolved.

**WHEREFORE,** Plaintiff, "Bennie Kennedy" prays that the Court grants him, "Bennie Kennedy" judgment against the Defendant, Patty Valenziano ("Valenziano") individually and as an agent of Prairie State College ("Prairie State") for damages representing over $75,000.00 and/or to be determined, and that the Court, *sua sponte*

refer the criminal portions of the allegations set forth above to federal agencies including the United States' Attorney General's Office, that this relief anticipates compensatory as well as punitive damages, and all other just and proper remedies in the premises.

Respectfully Submitted,

Dated: April 13, 2016

## /s/ John H. Davis

**John H. Davis, #4812-45**
Attorney for Plaintiff, Bennie Kennedy

John H. Davis
Attorney at Law
P.O. Box 43
Crown Point, Indiana 46308-0043
PHONE:        (219) 884-2461
attyhdavis@gmail.com

# JURY DEMAND

Plaintiff demands trial by Jury.

Dated: April 13, 2016                **/s/ John H. Davis**

**John H. Davis, #4812-45**
Attorney for Plaintiff, Bennie Kennedy

John H. Davis
Attorney at Law
P.O. Box 43
Crown Point, Indiana 46308-0043
PHONE:        (219) 884-2461
attyhdavis@gmail.com

# <u>INDEX</u>

EXHIBIT 1

EXHIBIT 2

EXHIBIT 3A

EXHIBIT 3B

EXHIBIT 4

EXHIBIT 5

EXHIBIT 6

EXHIBIT 7

EXHIBIT 8

EXHIBIT 9

EXHIBIT 10

EXHIBIT 11