# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| BENNIE KENNEDY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:16-CV-125-JVB-JEM |
| | ) | |
| PRAIRIE STATE COLLEGE, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Notice of Equitable Estoppel [DE 62], filed by Plaintiff on April 30, 2019, and a Motion for Leave to Join Schneider Electric f/k/a Square D Company as a Permissive Defendant Under Rule 20 of the Federal Rules of Civil Procedure [DE 63], filed by Plaintiff on May 5, 2019. Plaintiff seeks to amend his complaint to add an additional defendant, and seeks relief from order issued in another case. No party has responded to either filing and the time to do so has passed.

**I.    Background**

In 2012, prior to filing this action, Plaintiff sued Schneider Electric after one of Schneider's employees allegedly contacted Prairie State College ("PSC"), where Plaintiff worked as an adjunct professor, and PSC subsequently fired Plaintiff. The court granted summary judgment for Schneider on all of Plaintiff's claims, and subsequently imposed Rule 11 sanctions on counsel for Plaintiff.

In the instant action, Plaintiff is suing PSC and several parties affiliated with PSC. The operative complaint alleges, in part, that PSC wrongly terminated Plaintiff, based partly on misinformation provided to it by Schneider. Plaintiff now seeks to join Schneider as a defendant in this case, and filed a proposed amended complaint listing two counts of fraud and seeking sanctions against Schneider. Plaintiff's "Notice of Equitable Estoppel" discusses the events in the prior

litigation, and states that "the Court . . . must vacate the benefit of the summary judgment, as well as . . . the Rule 11 Sanction."

**II.     Analysis**

A party may amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiff seeks permissive joinder of Schneider, Federal Rule of Civil Procedure 20 is also implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). Rule 20 provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). A "series of transactions or occurrences" is defined "not so much upon the immediateness of their connection as upon their logical relationship." *Lozada v. City of Chicago,* No. 10 C 1019, 2010 WL 3487952, at *2 (N.D. Ill. Aug. 30, 2010). District courts are granted wide discretion in their decisions concerning joinder, considering "whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion." *Chavez,* 251 F.3d at 632 (internal citations and quotation marks omitted).

In this case, the rights to relief asserted against Schneider are not logically related to those against the other Defendants in a way that makes joinder appropriate. In the new counts, Plaintiff seeks relief for alleged misrepresentations made by Schneider's counsel during the prior litigation. *See* Proposed Amended Complaint, [DE 63-8], ¶ 36 ("Schneider Electric's attorneys submitted statements and documents . . . [that they knew] to be false . . . ."; "Schneider Electric's Attorney

2

continued to refer to depositions [she] knew to be false"; "Schneider [] obtaining a summary judgment and a Rule 11 sanction harmed [Plaintiff and his counsel], materially and financially"). None of the Defendants in this case were parties to that litigation. More importantly, many of the allegations have already been considered and rejected in the other litigation. *See*, *e.g., Kennedy v. Schneider Elec.*, No. 2:12-CV-122-PRC, 2017 WL 781608, at *4-5 (N.D. Ind. Mar. 1, 2017), aff'd, 893 F.3d 414 (7th Cir. 2018) (rejecting Plaintiff's argument that Schneider knowingly submitted perjured documents to the Court).

Under these circumstances, it would not be efficient or fair to permit joinder of Plaintiff's claims against Schneider to this action. *See Chavez*, 251 F.3d at 632 (joinder can be denied for "prejudice, expense, or delay" and must comport with the principles of fundamental fairness); *see also* 18 Wright, Miller & Cooper, Fed. Prac. & Proc. Juris. § 4416 (3d ed.) (explaining the doctrine of issue preclusion: "[L]ater courts should honor the first actual decision of a matter that has been actually litigated.").

As for the "Notice of Equitable Estoppel," the Court finds that the doctrine has no relevance to the relief requested. Equitable estoppel, when it does apply, prevents a party from asserting a claim or defense that is contrary to its prior conduct. 28 Am. Jur. 2d Estoppel and Waiver § 27 (2d ed.). To the extent Plaintiff maintains that this Court must "vacate the benefit" of Schneider's victory in a different case, Plaintiff provides no authority supporting that argument.

### III. Conclusion

For the reasons described above, the Court **DENIES** the relief requested in the Notice of Equitable Estoppel [DE 62], and **DENIES** the Motion for Leave to Join Schneider Electric f/k/a Square D Company as a Permissive Defendant Under Rule 20 of the Federal Rules of Civil

3

Procedure [DE 63].

SO ORDERED this 20th day of May, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record