UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BENNIE KENNEDY, )<br>      Plaintiff, )<br>)<br>   v. )<br>)<br>PRAIRIE STATE COLLEGE, PRAIRIE )<br>STATE COLLEGE BOARD OF DIRECTORS, )<br>MARIE HANSEL, PATTY VALENZIANO, )<br>HIGHER LEARNING COMMISSION, and )<br>DOES 1-30. )<br>      Defendants. ) | CAUSE NO.: 2:16-CV-125-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on Prairie State College Defendants' Rule 12(b)(2) and (b)(3) Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support [DE 37], filed on October 12, 2018, and on The Higher Learning Commission's Rule 12(b)(2), (b)(3) and (b)(6) Motion to Dismiss Plaintiff's Amended Complaint [DE 53], filed on February 28, 2019. Plaintiff Bennie Kennedy filed a response to the first motion on March 27, 2019, and the Prairie State College Defendants (Prairie State College, Prairie State College Board of Directors, Marie Hansel, and Patty Valenziano) filed a reply on April 3, 2019. Kennedy filed a response to the second motion on May 13, 2019, and the Higher Learning Commission filed a reply on May 20, 2019. For the reasons stated below, the motions are granted, and this case is dismissed for lack of personal jurisdiction.

### BACKGROUND

Plaintiff filed this suit in the Northern District of Indiana in 2016. At its core, this lawsuit centers on the decision to revoke Plaintiff's teaching credentials at Prairie State College (PSC), which is located in Illinois. At the time, Plaintiff was also employed by Schneider Electric and

worked for them in Indiana. Plaintiff believes that a conversation between Schneider Electric and PSC personnel led to Plaintiff's allegedly improper termination as an instructor for PSC. In a separate lawsuit filed in 2012, Plaintiff sued Schneider Electric in this Court under cause number 2:12-cv-122 (the "*Schneider* litigation"). Marie Hansel signed a declaration that Schneider Electric submitted to the Court in the *Schneider* litigation. In the present case, Plaintiff brings claims of breach of contract, fraud, misprision of felony, and "RICO/Relator."

## ANALYSIS

Though the pending motions assert that the complaint should be dismissed for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, the Court will only address the question of personal jurisdiction because the lack of personal jurisdiction is dispositive of this case.

### A. Legal Standard for Personal Jurisdiction

All Defendants (except for the nominal Doe parties, who have not been identified or served) argue that this Court has no personal jurisdiction over them.

"Once a defendant moves to dismiss for lack of personal jurisdiction, . . . the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). "The plaintiff may not rest upon allegations in his pleadings but must set forth specific facts showing that the court has jurisdiction." *Emp. Benefit Managers, Inc. v. A Medex Transition Admin. Co.*, No. 1:04-CV-443, 2006 WL 1128646, at *2 (N.D. Ind. Apr. 24, 2006) (citing *Int'l Steel Co. v. Charter Builders, Inc.*, 585 F. Supp. 816, 819 (S.D. Ind. 1984)). Because the Court has not held a hearing on the instant motions, Plaintiff only needs to make a *prima facie* showing of jurisdiction. *John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018). That is, all disputes concerning relevant facts presented in the record will be

2

resolved in Plaintiff's favor. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

Plaintiff has asserted that this is a diversity case, which would mean that the Court has personal jurisdiction over Defendants if the state of Indiana would have personal jurisdiction over Defendants. *See Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). An Indiana court has personal jurisdiction over a defendant if exercise of that jurisdiction is consistent with the U.S. Constitution's Due Process Clause. *Link America Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006).

For the Due Process Clause to be satisfied, a defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quotations and citations omitted). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the state." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quotations and citations omitted).

Personal jurisdiction comes through either "general" or "specific" jurisdiction. General jurisdiction exists where a defendant's contact is so "continuous and systematic" that the defendant is "at home" in the forum state. *Peters v. Sloan*, 762 F. App'x 344, 346 (7th Cir. 2019) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127-27, 137 (2014)). Specific jurisdiction analysis, on the other hand, controls where the "controversy is related to or 'arises out of' a defendant's contacts with the forum." *Id.* at 414, n.8. Under this analysis, there is personal jurisdiction where a defendant "purposefully availed itself of the privilege of conducting activities within the forum

3

state" and exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Jennings*, 383 F.3d at 549 (quotations and citations omitted).

Though the parties have agreed that this is a diversity case, the Court considers, for the sake of completeness, whether this could be considered a federal question case. Plaintiff has, at least nominally, invoked the Racketeer Influenced and Corrupt Organizations (RICO) Act in his complaint against Defendants. The RICO Act authorizes nationwide service of process if "it is shown that the ends of justice require that other parties residing in any other district be brought before the court." 18 U.S.C. § 1965(b).

Importantly for the case at bar, however, a plaintiff does not gain the benefit from RICO's service of process rule if the plaintiff fails to state a viable RICO claim, which requires the pleading of two predicate acts, when the basis for the claim is a *pattern* of racketeering activity and not the collection of an unlawful debt. *See Cox v. Sherman Capital LLC*, No. 1:12-CV-1654, 2014 WL 1328147, at *4 (citing *Lachmund v. ADM Inv'r Servs., Inc.*, 191 F.3d 777, 784 (7th Cir. 1999); *Shields Enters. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *see also* 18 U.S.C. § 1962. Plaintiff only alleges one act in violation of RICO—the making of a declaration under oath by Defendant Hansel that Plaintiff did not have the requisite requirements to teach at PSC, which Plaintiff alleges was a theft of federal funds in violation of RICO. With no pattern of racketeering activity alleged, the Court finds that Plaintiff has not stated a viable RICO claim and, consequently, that Plaintiff cannot benefit from the nationwide service of process permitted under RICO. Thus, the analysis (if this is a federal question subject matter jurisdiction case) is whether exercising personal jurisdiction over Defendants is in accord with the U.S. Constitution and Indiana statutory authority. *MG Design Assocs., Corp. v. Costar Realty Info., Inc.*, 224 F. Supp. 3d 621, 628 (N.D. Ill. 2016) (citing *United Airlines, Inc. v. Zaman*, 152 F.Supp.3d 1041, 1046–47 (N.D. Ill. 2015);

*Monster Energy Co. v. Wensheng*, 136 F.Supp.3d 897, 902 (N.D. Ill. 2015)). Because, as shown above, this is also the analysis required for a case being heard on diversity subject matter jurisdiction, the alleged basis on which the Court has subject matter jurisdiction is of no importance.[1]

### B. Facts Regarding Personal Jurisdiction

Plaintiff identifies that he was employed in Indiana. He concedes that PSC and its Board of Directors are located in Illinois, that Marie Hansel is employed in Illinois by PSC, and that Patty Valenziano was employed in Illinois by PSC. Plaintiff's employment in Indiana by a non-party does not affect whether this Court has personal jurisdiction over Defendants, and the location and employment of the Defendants in Illinois does not support a finding of personal jurisdiction in Indiana.

Plaintiff argues that Defendants are connected to the state of Indiana because of an alleged fraud on this Court perpetrated by the submission of a false declaration in the *Schneider* litigation, which Plaintiff alleges constitutions misprision of a felony. No Defendant in this case is a party to the *Schneider* litigation, and the submission of the declaration at issue was made by the *Schneider* defendant.

Plaintiff argues that Hansel's signed declaration in the *Schneider* litigation demonstrates Hansel's consent to personal jurisdiction in this Court. Plaintiff refers to Hansel as seeking to intervene in that litigation. Hansel never filed a motion to intervene in the *Schneider* litigation, and it is untrue that a *Schneider* party's submission of a *Schneider* non-party's affidavit in the *Schneider* litigation is tantamount to the *Schneider* non-party's consent to be sued in that litigation

---

[1] The Court makes no finding regarding whether it has subject matter jurisdiction. If the Court were not finding there to be a lack of personal jurisdiction, the Court would *sua sponte* raise the question of whether it has subject matter jurisdiction over this case. *See* Fed. R. Civ. P. 12(b)(h)(3).

forum in a separate lawsuit. The action that took place in Indiana—the filing of the affidavit—was not made by or on behalf of any Defendant in the instant matter, but rather by and on behalf of a party in the *Schneider* litigation. Even if, as Plaintiff argues, the submission of the declaration is enough to create personal jurisdiction, the submission of the declaration was not made by any Defendant in this lawsuit.

Plaintiff submits exhibits and asserts that they show Defendants' background facts to be not fully true, but Plaintiff does not clarify what the exhibits show or how they establish personal jurisdiction over any of the Defendants.

Plaintiff identifies that PSC had a policy of granting reduced-rate tuition to students from Lake County, Indiana, and asserts that this satisfies Indiana's long-arm statute. Plaintiff asserts that PSC directly solicited and served Lake County, Indiana students. However, this cause of action does not arise out of the solicitation or education of Lake County, Indiana students. It is, at its core, a dispute about PSC ceasing to employ Plaintiff as an instructor. At most, these assertions can be considered for general jurisdiction. They do not lead to use of the specific jurisdiction analysis.

Plaintiff similarly identifies that PSC's travel-related business expenses policy discusses travel to Indiana and admission representative visits for Spring 2019 include four-year colleges in Indiana. Again, this cause of action does not arise out of these contacts with the state of Indiana. These contacts are nothing more than "random, fortuitous, or attenuated." *Walden* 571 U.S. at 286 (2014).

Plaintiff argues that Hansel acted as the Higher Learning Commission's agent and that, therefore, Hansel's actions in signing the declaration can be used to establish personal jurisdiction over the Higher Learning Commission. That is, under Plaintiff's argument, personal jurisdiction

6

over the Higher Learning Commission succeeds or fails with the resolution of whether the Court has personal jurisdiction over Hansel.

Plaintiff's other arguments either go toward the merits of this litigation, which are not before the Court at this time, or are blanket statements that Defendants have stated something incorrectly without Plaintiff presenting evidence or even argument to the contrary.

The PSC Defendants submitted evidence of their own. This evidence, which Plaintiff does not refute with competing evidence, shows that PSC does not maintain campuses or buildings outside of Illinois, has not solicited or advertised for available faculty positions within Indiana, made the decision to hire Plaintiff in Illinois, and conducted the review of Plaintiff's teaching credentials in Illinois. The evidence further shows that Hansel signed the declaration used in the *Schneider* litigation in Illinois and that all of Plaintiff's instruction through PSC occurred in Illinois.

Plaintiff has not met his burden to show that the Court has personal jurisdiction over Defendants. Regarding the PSC Defendants, the only part of Plaintiff's allegations that could conceivably arise out of contacts with Indiana (and thus give rise to specific jurisdiction analysis) are those concerning Hansel's declaration, but the actions taken in Indiana were performed by non-parties. Hansel's signing of a declaration in Illinois regarding the circumstances surrounding the revocation of Plaintiff's teaching credentials at Illinois-based PSC do not constitute the "minimum contacts" necessary for specific jurisdiction.

As for general jurisdiction, the connections between the PSC Defendants and the state of Indiana set forth above do not rise to the level of having "continuous and systematic" contacts with Indiana such that they could be considered "at home" here. Reduced-rate tuition for Lake County, Indiana students, covering business travel expenses to Indiana, and allowing Indiana higher

education representatives to visit PSC are not enough. Because there is no personal jurisdiction over the PSC Defendants (including Hansel), there is no personal jurisdiction over the Higher Learning Commission.

Therefore, the motions to dismiss must be granted for lack of personal jurisdiction.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Prairie State College Defendants' Rule 12(b)(2) and (b)(3) Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support [DE 37] and **GRANTS** The Higher Learning Commission's Rule 12(b)(2), (b)(3) and (b)(6) Motion to Dismiss Plaintiff's Amended Complaint [DE 53]. The Court **DISMISSES** this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Defendants.

SO ORDERED on August 17, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
